(115 So. 491)

No. 28643.

## ROCKWOOD SPRINKLER CO. v. JOHNSON.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Contracts ⬅⟶295(3)—Contractor connecting sprinkler system to main by smaller tap than stipulated held entitled to recover price; no injury being shown.**

In an action for the contract price of a certain fire prevention sprinkler system installed by plaintiff in a warehouse belonging to defendant, *held* that, although the contract called for a 6-inch tap connection with the city water main and but a 4-inch tap of the Venturi type had been made, such connection was compliance with the contract, where tap was over 90 per cent. efficient in the amount of water which a 6-inch tap would have supplied, and no injury to defendant on account of the smaller tap was shown.

2. **Contracts ⬅⟶280(1)—That changed shape of tank of fire sprinkler system was unsuitable for display advertising not contemplated by contract held not to entitle defendant to diminution of price (Rev. Civ. Code, art. 1934, subd. 1).**

Where, in an action for the contract price of a certain fire prevention sprinkler system installed by plaintiff for defendant, defense was that tank to be used in system was to have been high and narrow, but instead it was low and broad, thereby causing defendant loss by tank's not being as suitable for display or advertising purposes as taller tank would have been, *held* that, under Rev. Civ. Code, art. 1934, subd. 1, such facts were not available as a defense, since evidently the parties had not contemplated use of tank for advertising purposes at time they had entered into contract, and tank used was as serviceable for sprinkling purposes as taller tank would have been.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by the Rockford Sprinkler Company against W. Harry Johnson. Judgment for plaintiff, and defendant appeals. Affirmed.

Cook & Cook, of Shreveport, for appellant.

Thigpen, Herold, Lee & Cousin, of Shreveport, and Denegre, Leovy & Chaffe, of New Orleans (E. P. Lee, of Shreveport, and Jas. Henry Bruns, of New Orleans, of counsel), for appellee.

ST. PAUL, J. This is a suit for the contract price of a certain fire prevention sprinkler system installed by plaintiff in a certain warehouse belonging to defendant.

### I.

The defense to the suit is twofold, to wit: (1) That, whereas the specifications called for a six-inch connection with the municipal water system, the contractor established only a four-inch connection; and (2) that, whereas the specifications called for a high and narrow tank on top of the building, the contractor furnished only a low and wide tank of the same capacity.

### II.

[1] The evidence shows that the city refused to permit a 6-inch tap into its water main, but did permit a 4-inch tap of the Venturi type, i. e., increasing to 6 inches within 14 inches of the main, and that this tap was over 90 per cent. efficient in the amount of water which a 6-inch tap would have supplied, more than 100 per cent. efficient for the number of sprinklers which it was intended to supply, and full 100 per cent. efficient for the purpose for which the sprinkler system was installed, to wit, the reduction of insurance rates on the building and its contents. Moreover, the contract called for the owner to obtain the *permit* to tap the city main, and he was no more able to obtain that permit than was the contractor. Considering the foregoing, we do not see wherein the contractor was at fault, and we are of opinion that he has fully complied with his contract in that respect.

### III.

When plaintiffs submitted their proposal on November 28, 1924, they submitted a sketch showing that the tank would rest on four

certain columns, to wit, Nos. 21, 22, 30, and 31 and showed thereon that the tank would be high and narrow on account of the nearness of these four columns. On December 23d defendant's architects notified plaintiffs that columns 30 and 31 were not intended to carry the weight of the tank, but that said tank should rest on columns 21, 22, 16, and 17 (columns 16 and 17 being further from columns 21 and 22 than columns 30 and 31). When the contract was signed the correction was made in the written part of the specifications, but no change was made in the drawing. Accordingly, when it came to putting up a tank of the same capacity, it was found that (on account of the wider spread between columns 21, 22, 16, and 17 than between columns 21, 22, 30 and 31) the form of the tank had to be changed from narrow and high to wide and low, and plaintiffs were obliged to purchase a special tank at extra cost to themselves. No suggestion was made at the time, by owner, architect, superintendent, or any one else, that the tank was not the proper one to put up under the circumstances, and no suggestion is made even at this time that the tank as set up does not fully answer the purpose for which it was intended. But the claim is made in the answer, and made there for the first time, that:

"This defendant particularly desired the shape of tank specified in the plans for the reason, among others, that the greater depth [height] of the tank [i. e., of a tank of that shape] furnished a larger service for display of advertising, and for which purpose this defendant intended to use the same."

In other words, this defendant complains that, although he was contracting apparently only for a sprinkler system, nevertheless, plaintiff should have known that he meant to use part of it for the display of advertising matter.

[2] In our opinion this is a mere afterthought, and cannot "reasonably be supposed to have entered into the contemplation of the parties at the time of the contract." Rev. Civ. Code art. 1934, subd. 1. If defendant did have any such thought in mind, he should have communicated it to plaintiffs, to the end that they might know that the work which they were about to do must answer not alone the purpose which they knew of, but also another and very different purpose which this defendant "particularly desired," though not mentioned.

The trial judge correctly gave judgment for plaintiffs as prayed for.

#### Decree.

The judgment appealed from is therefore affirmed.